AUGUST 26, 2019

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JAN 2 1 2020

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

THE HONORABLE CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
401 WEST LOMBARD STREET
BALTIMORE, MARYLAND 20201

Re: United States v. Thomas Finnegan, Docket No. 17-CR-357 (CCB)

Dear Judge Blake:

Defendant, pro se, respectfully submits this letter-motion as a supplement to the pending motion to vacate, set aside, or correct his sentence [28 U.S.C. 2255], pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

On March 28, 2019, through counsel, Defendant moved to vacate his conviction for using, carrying and possessing a firearm during a crime of violence (Hobbs Act Robbery [18 U.S.C. 1951]), in violation of 18 U.S.C. 924(c)(1)(A). The motion has been held in abeyance pending the issuance of various decisions. Defendant seeks to supplement that motion. More specifically, Defendant submits that robbery under the Hobbs Act is not categorically a "crime of violence" and, thus, may not serve as a predicate for a violation of 18 U.S.C. 924(c)(1)(A). While some robbery offenses require physical force, "Hobbs Act robbery can also be committed by placing someone in fear of injury to his property [alone]." United States v. Privette, No. 5:16-CR-183-BO, 2017 U.S. Dist. LEXIS 91310, at *5 (E.D.N.C. June 14, 2017) Since injury to a person property could be accomplished without the "actual, attempted, or threatened use of physical force" (as required by 18 U.S.C. 924(c)(3)(A)) Hobbs Act robbery is not categorically a crime of violence. To be sure, one could fear injury to his property if a perpetrator threatens to drive down the property value through "quality of life" offenses (i.e., loitering, public urination, and illegal drug use in and around the property). Under such circumstances, there would be no use of physical force. As the Supreme Court noted, "physical force" means "violent force-that is force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). In making the determination of whether the offense meets the requirements of the force clause "we focus on the minimum conduct necessary for a violation." Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015) When penal statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not categorically a crime of violence under the force clause. United States v. Simms, 914 F.3d 229, 2019 WL 311906, at *2 (4th Cir. 2019); Ovalles v. united States, 905 F.3d 1300, 1304 (11th Cir. 2018)(applying the same elements-based categorical approach to find that crimes, such as carjacking and bank robbery, committed by "force and violence, or by intimidation," categorically qualify under the elements clause of section 924(c)(3) (A)). As Hobbs Act robbery is not categorically a crime of violence since it may be committed by obtaining property from the presence of another through instilling fear of injury to property alone. Thus, the Court may not look to the facts underlying the Hobbs Act robbery charge to determine whether the conduct in this case would constitute a crime of violence. Accordingly, the Court must vacate the conviction on the firearm count.

Wherefore, for the reasons stated, the undersigned prays that the Court will grant the motion to vacate.

Respectfully submitted,

/s/ Thomas Finnegan

THOMAS FINNEGAN
REGISTER NO. 11921-067
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PENNSYLVANIA 17887

cc: U.S. Attorneys Office (District of Maryland)