IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-357 |
| | * | |
| THOMAS ROBERT FINNEGAN | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM & ORDER

Now pending is the motion filed by Thomas Robert Finnegan seeking reconsideration of this court's decision to deny his request for compassionate release. The motion for reconsideration (ECF 107) has been reviewed and will be denied.

The court denied Finnegan's initial motion without prejudice because it was without sufficient evidence to consider it—Finnegan did not include with his motion documentation of his exhaustion of his administrative remedies or of the medical conditions he asserted increased his risk of severe illness from COVID-19. (ECF 105). Finnegan has now submitted to the court documentation of his June 8, 2020, request to his warden for compassionate release (ECF 107-2) and medical records (ECF 107-7). He argues that his medical conditions (obesity, prediabetes, and chronic viral hepatitis C) increase his risk of severe illness from COVID-19 and that this risk is an extraordinary and compelling reason for his release.

The court may consider a defendant's compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. §

1

3553(a), the court finds that "extraordinary and compelling reasons" warrant it. See 18 U.S.C. § 3582(c)(1)(A)(i).[1]

It appears Finnegan has properly exhausted his administrative remedies as more than 30 days have elapsed since his initial request for compassionate release to his warden. Though Mr. Finnegan's health conditions in light of the current coronavirus pandemic may present an "extraordinary and compelling" reason for his release, *see, e.g.*, *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *2 (D. Md. Nov. 24, 2020), the court will deny Mr. Finnegan's motion because the balance of the § 3553(a) factors does not weigh in favor of his release.

Finnegan is serving a 102-month sentence for two counts of conviction: Hobbs Act Robbery (18 U.S.C. § 1951) and the use of a firearm during a crime of violence (18 U.S.C. § 924(c)), of which he has served 35 months. (ECF 80, Judgment). This offense was serious. Finnegan assisted a former Baltimore City police officer in committing an armed robbery of a local business owner. Finnegan personally broke into the business owner's residence and brandished a firearm at them in order to forcibly take a substantial amount of money. (ECF 68, Plea Agreement, Statement of Facts). This was not Finnegan's first criminal offense. Finnegan's prior convictions include driving while intoxicated, simple assault, and intimidation of a witness, and a federal conviction for negotiating and receiving counterfeit Federal Reserve notes. (ECF 71, Presentence

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Report ¶¶ 19–51). While the court is certainly sympathetic to Mr. Finnegan's concern that he is at risk of severe illness from COVID-19, the court is not prepared to agree that a reduction in sentence to time served, at 35 months, is sufficient to reflect the nature, circumstances, and seriousness of the offense, promote respect for the law, or afford adequate deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Accordingly, the motion for reconsideration (ECF 107) is Denied.

So Ordered this __17th__ day of May, 2021.

　　　　　　　　　　　　　　　　　　　　　　/S/_____
　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　United States District Judge